UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERIK B. OLDHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:14-CR-85-TWP-CCS-11 |
| | ) | 3:16-CV-583-TWP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 788]. The petition cites *Johnson v. United States*, in which the Supreme Court held that the residual provision of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*; Doc. 790]. The United States responded in opposition on October 27, 2016 [Doc. 792]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, Petitioner's § 2255 motion [Doc. 788] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.  BACKGROUND

In 2014, Petitioner pled guilty to conspiring to manufacture at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 249]. He faced a statutory penalty range of ten years' up to life imprisonment for the offense [Doc. 692 ¶ 102]. Based on prior Tennessee convictions for manufacturing methamphetamine [*Id.* ¶ 59], and attempted aggravated burglary [*Id.* ¶ 69], the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with an advisory Guideline range of 262 to 327 months' incarceration [*Id.* ¶ 103].

On June 26, 2016, the Supreme Court released the *Johnson* decision. In light of that decision, Petitioner, through counsel, objected at sentencing to the Presentence Investigation Report's conclusion that he qualified as a career offender [Docs. 589, 690]. Among other things, counsel argued that the *Johnson* decision rendered Section 4B1.2's residual clause invalid and that without that provision this Court could not rely on Application Note One's inclusion of attempt offenses as the justification for career offender enhancement [*Id.*]. In response, the United States agreed that the Guidelines residual provision was probably void for vagueness, but contented that Petitioner's Tennessee attempted aggravated burglary conviction nonetheless remained a predicate crime of violence under Application Note One to Section 4B1.2 [Doc. 689].

After considering the parties arguments, this Court concluded that Petitioner was in fact a career offender subject to enhancement under Section 4B1.1 [Doc. 699] and eventually granted the United States' motion for downward departure pursuant to Section 5K1.1 [Docs. 697, 699]. On September 21, 2015, this Court sentenced Petitioner to 188 months' incarceration followed by five years' supervised release [Doc. 689].

Petitioner did not appeal and his conviction became final for purposes of § 2255(f)(1) on October 5, 2015, at expiration of time to file the same. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment."). Less than one year later—on September 16, 2016—Petitioner submitted the instant petition [Docs. 788, 790 (challenging career offender enhancement and claiming ineffective assistance of counsel at sentencing)].

II.     TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court finds that it need not resolve the issue here, however, because counsel

3

was not ineffective at sentencing and Petitioner procedurally defaulted his career offender challenge by not raising the same on direct appeal.

## III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See also, Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Case 3:14-cr-00085-TWP-CCS   Document 796   Filed 12/19/16   Page 4 of 8   PageID #: 4756

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

## IV. ANALYSIS

Petitioner articulates two grounds in his § 2255 motion: (1) that the *Johnson* decision removed attempted aggravated burglary from Section 4B1.2's definition of crime of violence and, as a result, that he no longer qualifies as a career offender (Ground One);[1] and (2) that trial counsel

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses.

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has

5

rendered ineffective assistance at sentencing by failing to challenge his career offender designation (Ground Two) [Doc. 788]. Both grounds fail: the first because it has been procedurally defaulted and the second because it is totally without merit.

### A.     Career Offender Enhancement After the *Johnson* Decision

The Court finds that it need not address the merits of Ground One because Petitioner forfeited his right raise the challenge by failing to litigate the issue on direct appeal. *United States v. Calderon*, 194 F.3d 1314 (6th Cir. 1999) (noting "direct appeal would have been the correct form in which to raise sentencing questions"); *Turner v. United States*, 191 F.3d 453 (6th Cir. 1999) (explaining that "a motion to vacate under § 2255 does not serve as a substitute for bringing a direct criminal appeal"). "Generally, when a defendant fails to raise an issue at sentencing or no direct appeal, that issue is waived." *Huff v. United States*, 734 F.3d 600, 605–6 (6th Cir. 2013). "In the case where [a claim] has [been] . . . procedurally defaulted, in order to raise [that claim] in a § 2255 motion [the petitioner] must show either that (1) he had good cause for his failure to raise [the] argument[] and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *accord United States v. Frady*, 456 U.S. 152, 167-68 (1982). The "hurdle" to excuse procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to

---

at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a).

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

6

do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner has not alleged—much less established—actual innocence, nor has he put forth any good cause for his failure to challenge his sentence on direct appeal [Doc. 788 p. 4 (specifically leaving section blank when asked why he did not raise the issue on direct appeal); Doc. 789 (neither mentioning or explaining his failure to raise the issue on appeal)]. In the absence of any such claim or evidence, Ground One cannot be raised on collateral review.

### B. Ground Two: Ineffective Assistance of Counsel at Sentencing

In Ground Two, Petitioner suggests, without elaboration, that counsel erred by failing to do more at sentencing to convince this Court that attempted aggravated burglary only qualified as a crime of violence under the clause invalidated by the *Johnson* decision [Doc. 789 pp. 7, 9–14]. This challenge fails for two reasons. First, the record conclusively demonstrates that trial counsel objected to categorization of attempted aggravated burglary as a crime of violence in light of the *Johnson* decision and cannot be characterized as deficient for raising the exact arguments which Petitioner now claims that he did not. Second, even assuming alternative arguments could have been made, an abstract allegation that counsel should have done more to change the Court's mind does not state a viable claim of ineffective assistance of counsel.

### V. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 788] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a

7

constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

                                       s/ Thomas W. Phillips
                                  SENIOR UNITED STATES DISTRICT JUDGE